**FILED**

**NOT FOR PUBLICATION**

MAR 27 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN DOE, | No. 17-56110 |
| Plaintiff-Appellee, | DC No. CV 15-2478 SVW |
| v. | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA; SUZANNE PERKIN, in her official capacity, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted March 9, 2018
Pasadena, California

Before:    TASHIMA and NGUYEN, Circuit Judges, and SIMON,[**] District Judge.

In this interlocutory appeal, The Regents of the University of California (the

"Regents") and Suzanne Perkin ("Perkin"), the assistant dean of students at the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

University of California at Santa Barbara ("UCSB"), appeal the district court's denial of their motion to dismiss John Doe's ("Doe") second amended complaint ("SAC") on Eleventh Amendment immunity, judicial exhaustion, and *Younger* abstention grounds.

Doe sued after UCSB suspended him for two semesters on sexual assault charges. Doe's SAC includes a 42 U.S.C. § 1983 claim against Perkin, a Title IX claim against the Regents, and a petition for a writ of administrative mandamus under California Code of Civil Procedure § 1094.5 (henceforth, "§ 1094.5 petition") against the Regents. We reverse the district court's denial of the Regents' motion to dismiss.

**1.** The Regents first contend that the Eleventh Amendment bars Doe's § 1094.5 petition. We have jurisdiction over an interlocutory appeal from the denial of Eleventh Amendment immunity under the collateral order doctrine. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993). Doe's argument that the Regents waived their Eleventh Amendment challenge is without merit; the Regents did not at any point "unequivocally express[]" their intent to waive said immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).

2

The Eleventh Amendment protects states and state instrumentalities, such as the Regents, from suit in federal court. *Id.* at 100; *see also BV Eng'g v. Univ. of Cal., LA*, 858 F.2d 1394, 1395 (9th Cir. 1988). Under the *Ex parte Young*[1] exception to the Eleventh Amendment, a party may seek federal injunctive relief against an individual state officer in her official capacity. *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000). However, the *Young* exception does not apply to such a suit seeking relief under state law, whether against a state or state official. *Pennhurst*, 465 U.S. at 117.

Doe's § 1094.5 petition is a state law claim. The district court denied Eleventh Amendment immunity because, it concluded, Doe's § 1094.5 petition was not a state law claim, but rather a "state-law procedural mechanism" and "vehicle" for Doe's federal claims. That was error. A § 1094.5 petition is not a procedural mechanism; it requires a substantive inquiry into whether the university "proceeded without, or in excess of, jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion." Cal. Civ. Proc. Code § 1094.5(b); *see Doe v. Univ. of S. Cal.*, 200 Cal. Rptr. 3d 851, 866–67 (Ct. App. 2016) (discussing the substantive standards of § 1094.5). Doe's SAC asserts that

---

[1]     *Ex parte Young*, 209 U.S. 123 (1908).

his suspension is invalid because it does not meet the § 1094.5 standards. The Eleventh Amendment therefore bars Doe's § 1094.5 petition against the Regents.[2]

2.     The Regents next contend that the district court should have dismissed Doe's § 1983 and Title IX claims as precluded because Doe failed to exhaust judicial remedies. Although we do not independently have appellate jurisdiction over this issue, resolution of the district court's judicial exhaustion decision is so "inextricably intertwined" with its Eleventh Amendment decision that we may exercise pendent appellate jurisdiction. *Meredith v. Oregon*, 321 F.3d 807, 814 (9th Cir. 2003).

Under federal common law, federal courts accord preclusive effect to state administrative proceedings that meet the fairness requirements of *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394 (1966). *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032–33 (9th Cir. 1994). We evaluate the fairness of a state administrative proceeding by resort to both the underlying administrative proceeding and the available judicial review procedure. *See Olson v. Morris*, 188 F.3d 1083, 1086–87 (9th Cir. 1999). A § 1094.5 petition for a writ of

---

[2]    The district court also erred in "interpret[ing]" the writ petition, which names the Regents as defendant, to in effect name Perkin. Regardless, our conclusion that the § 1094.5 writ is a state law claim bars Doe from bringing it in federal court against either the Regents or Perkin. *Pennhurst*, 465 U.S. at 117.

administrative mandamus provides "an adequate opportunity for de novo judicial review." *Miller*, 39 F.3d at 1033 (citing *Eilrich v. Remas*, 829 F.2d 630, 632 (9th Cir. 1988)); *see also Kenneally v. Lungren*, 967 F.2d 329, 333 (9th Cir. 1992) (holding that the § 1094.5 procedure provided the plaintiff a "meaningful opportunity" to raise constitutional claims).

Because California courts have also adopted the *Utah Construction* standard, we give preclusive effect to a state administrative decision if the California courts would do so. *Miller*, 39 F.3d at 1032–33. In California, "[e]xhaustion of judicial remedies . . . is necessary to avoid giving binding 'effect to [an] administrative agency's decision[.]'" *Johnson v. City of Loma Linda*, 5 P.3d 874, 879 (Cal. 2000) (emphasis omitted) (quoting *Briggs v. City of Rolling Hills Estates*, 47 Cal. Rptr. 2d 29, 33 (Ct. App. 1995)). A party must exhaust judicial remedies by filing a § 1094.5 petition, the exclusive and "established process for judicial review" of an agency decision. *Id.* at 880 (citing *Westlake Cmty. Hosp. v. Superior Court*, 551 P.2d 410, 421 (Cal. 1976) (in bank)).

Accordingly, because Doe has not yet filed a valid § 1094.5 petition, Doe has not exhausted his judicial remedies. Claim preclusion therefore bars Doe's §

1983 claim against Perkin and Title IX claim against the Regents.  The district

court erred in not dismissing the claims.[3]

•   ●   •

The judgment of the district court is reversed and the case remanded to the

district court with instructions to dismiss Doe's SAC with prejudice.

**REVERSED and REMANDED with directions.**

---

[3]    Because we hold that the district court should have dismissed Doe's
SAC in its entirety, we do not reach the Regents' alternative argument that the
district court should have abstained pursuant to *Younger v. Harris*, 401 U.S. 37
(1971).  We also need not reach the threshold question of whether we would have
pendant appellate jurisdiction over the Regents' appeal of that order.  *See
Confederated Salish v. Simonich*, 29 F.3d 1398, 1401–03 (9th Cir. 1994) (holding
that an order denying dismissal on *Younger* grounds is not immediately appealable
on its own).