No. 17-56110

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

*IN RE*: THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, SUZANNE PERKIN

_____

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, SUZANNE PERKIN
*Petitioners,*

*v.*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA,
*Respondent.*

JOHN DOE,
*Real Party in Interest*

*United States District Court for the Central District of California*

*Case No. 15-cv-02478 (SVW) (JEM)*

*The Honorable Stephen V. Wilson, United States District Judge*

**JOHN DOE'S PETITION FOR REHEARING *EN BANC* (Fed. R. App. P. 35) OR FOR REHEARING BY PANEL (Fed. R. App. P. 40)**

| | |
|---|---|
| **Christopher J. Mead, Esq.** | **Kimberly C. Lau, Esq.** |
| **Scott McLeod, Esq.** | **(admitted *pro hac vice*)** |
| **Cooper, White & Cooper, LLP** | **Warshaw Burstein, LLP** |
| **201 California Street, 17th Floor** | **555 Fifth Avenue** |
| **San Francisco, CA 94111** | **New York, NY 10017** |
| **Tel: (415) 765-6232** | **Tel: (212) 984-7709** |

1211158.1 {992268.1 }

## **STATEMENT REQUIRED BY FED. R. APP. P. 35**

Pursuant to Federal Rule of Appellate Procedure 35(b), Plaintiff-Appellee John Doe ("John Doe") files this Petition for Rehearing and Suggestion for Rehearing En Banc of the panel's March 27, 2018 Opinion in this case, which should be granted for the following reasons:

The panel dismissed the entirety of John Doe's Second Amended Complaint ("SAC") with prejudice. Specifically, the panel dismissed John Doe's § 1094.5 claim with prejudice due to the Regent's Eleventh Amendment immunity, and dismissed John Doe's § 1983 and Title IX claims due to failure to exhaust with prejudice. Dismissing any claims with prejudice conflicts with the United States Supreme Court decision in *Costello v. United States*, 365 U.S. 265, 81 S. Ct. 534, 5 L.Ed.2d 551 (1961) and this Court's decisions in *Freeman v. Oakland Unified School District*, 179 F.3d 846 (9th Cir. 1999) and *Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1991). John Doe seeks clarification on the panel's decision to dismiss Doe's Second Amended Complaint *with prejudice*, which may potentially be interpreted as dismissing his § 1983 and Title IX claims with prejudice even where they were not reviewed by the panel based on the merits. John Doe seeks further clarification on his right to refile his § 1094.5 claims in California State court. Consideration of John Doe's current petition by the full court is therefore necessary to secure and maintain uniformity of this Court's decisions.

# ARGUMENT

## EVEN THOUGH THE PANEL DID NOT REVIEW DOE'S § 1983 AND TITLE IX CLAIMS ON THE MERITS, THE DECISION DISMISSES THE SECOND AMENDED COMPLAINT WITH PREJUDICE.

Neither this Court's panel, nor the District Court, have ever considered the merits of John Doe's claim. Regarding John Doe's § 1094.5 claim, the panel held that "[t]he Eleventh amendment therefore bars Doe's § 1094.5 petition against the Regents." The Panel went on to dismiss John Doe's § 1983 and Title IX claims "because Doe has not yet filed a valid § 1094.5 petition, Doe has not exhausted his judicial remedies." Despite the foregoing, however, the panel remanded this appeal "to the district court with instructions to dismiss Doe's SAC with prejudice." Dismissal of John Doe's claims with prejudice, however, conflicts with decisions of the United States Supreme Court and this Court.

In *Costello v. United States*, 365 U.S. 265, 285 81 S. Ct. 534, 545 5 L.Ed.2d 551 (1961), the Supreme Court held that "dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim" must be without prejudice. Recently, in *Ruiz v. Snohomish County Public Utility District No. 1*, 824 F.3d 1161 (9th Cir. 2016), this Court recognized the Supreme Court holding in *Costello* and reaffirmed the principle that a dismissal on jurisdictional grounds is

not a dismissal based on the merits, and therefore *res judicata* does not apply.

In *Freeman v. Oakland Unified School District*, 179 F.3d 846 (9th Cir. 1999), this Court affirmed a district court finding of Eleventh Amendment immunity by the school district for claims arising under the California Fair Employment and Housing Act. This Court "order[ed] the district court to dismiss the claim without prejudice to it being re-filed in a court of competent jurisdiction." *Id.* at 847. This Court went on to note that "[d]ismissals for lack of jurisdiction 'should be . . . without prejudice so that a plaintiff may reassert his claims in a competent court.'" *Id.* Similarly, in this matter, dismissal of John doe's § 1094.5 claim should have been without prejudice, to allow John Doe to refile in state court. In fact, the Regents demanded the same relief requested herein. *See* Appellant's Reply Brief, p. 9 ("Plaintiff's writ-of-mandate claim should therefore be dismissed without prejudice.").

Similarly, John Doe's Title IX and § 1983 claims should not be dismissed with prejudice. In *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991), this Court stated that when a claim is dismissed for failure to exhaust, "[t]he proper remedy is dismissal without prejudice." *See also*, *Boles v. Stewart*, 2001 WL 820911, at *1 (9th Cir. July 19, 2001) ("Boles has not exhausted this claim in state court and the petition should have been dismissed without prejudice."). In this case, dismissal of John Doe's Title IX and § 1983 claims should have been without

prejudice, especially in light of this Court's statement in *Green v. City of Tucson*, 255 F.3d 1086, 1102 (9th Cir. 2001) acknowledging "the longstanding principle that § 1983 plaintiffs can ordinarily go forward in federal court if they chose to do so, and need not bring their cause to state court first."

## CONCLUSION

Plaintiff-Appellee John Doe respectfully requests that the full court rehear this case en banc and direct the District Court to dismiss the SAC without prejudice or that the panel grant rehearing to correct the decision so that the SAC is dismissed without prejudice. In the alternative, John Doe requests that the decision be amended to dismiss the § 1094.5 petition without prejudice and stay the § 1983 and Title IX claims until such time as the petition is resolved by the state court.

Dated: April 10, 2018

Respectfully submitted,

__/s/ Scott M. McLeod_____
Christopher J. Mead, Esq.
Scott McLeod, Esq.
COOPER, WHITE & COOPER, LLP
201 California Street, 17th Floor
San Francisco, CA 94111
Tel: (415) 765-6232
Fax: (415) 433-5530
-and-
Kimberly C. Lau, Esq. (*pro hac vice*)
WARSHAW BURSTEIN, LLP
555 Fifth Avenue
New York, NY 10017
Tel: (212) 984-7709
Fax: (212) 972-9150
*Attorneys for Appellee*
*John Doe*