

WARSHAW
BURSTEIN

WARSHAW BURSTEIN, LLP
555 Fifth Avenue
New York, NY 10017
Tel: 212-984-7700
www.wbny.com

KIMBERLY C. LAU, ESQ.
PARTNER
ATTORNEY DIRECT DIAL: 212-984-7709
EMAIL: KLAU@wbny.com

April 19, 2018

**VIA ECF**
Ms. Molly C. Dwyer
Clerk, U.S Court of Appeals
9th Circuit
The Richard H. Chambers Courthouse
125 South Grand Avenue,
Pasadena, California 91105

      Re:    **John Doe v. Regents of the University of California**
              **Case No: 17-56110**

Dear Ms. Dwyer:

      This office represents John Doe in the above-referenced appeal. We write in opposition to the Board of Regents of the University of California's (the "Regents") April 5, 2018 correspondence requesting publication of the Court's Memorandum Disposition, dated March 27, 2018, in the above referenced matter. Circuit Rule 36-1 sets forth the difference between an OPINION and a MEMORANDUM. Circuit Rule 36-1 also states that "[a]ll opinions are published; no memoranda are published . . . ." Circuit Rule 36-2 establishes this Circuit's "criteria for publication."

      Pursuant to Circuit Rule 36-2, a disposition by the Court can only be designated an OPINION, and therefore published if it: "(a) [e]stablishes, alters, modifies or clarifies a rule of federal law, or (b) [c]alls attention to a rule of law that appears to have been generally overlooked, or (c) [c]riticizes existing law, or (d) [i]nvolves a legal or factual issue of unique interest or substantial public importance, or (e) [i]s a disposition of a case in which there is a published option by a lower court or administrative agency, unless the panel determines that publication is unnecessary for clarifying the panel's disposition of the case, or (f) [i]s a disposition of a case following a reversal or remand by the United States Supreme Court, or (g) [i]s accompanied by a separate concurring or dissenting expression, and the author of such separate expression requests publication of the disposition of the Court and the separate expression."

{1027774.1}

Clearly sub-provisions (b), (c), (e), (f) and (g) are inapplicable. The Regents appears to limit its request for publication to section (a) above. However, the Memorandum Disposition can only be converted to an Opinion for publication if the decision deals with a *federal law*. The Regents claims that this Court should convert the Memorandum Disposition into an Opinion for publication because the decision provides guidance "with regard to the appropriate forum for a writ-of-mandate proceeding that challenges an administrative decision by the University of California or another state agency." However, as the decision at issue makes clear on page 3, a "§ 1094.5 petition is a state law claim." Because the decision deals with state law, and not federal law, the Regents' request that the Memorandum Disposition be converted into an Opinion for publication must be denied.

Sub-section (d) above is also inapplicable. This case is not "unique," as even the Regents contends that "[t]here are a vast number of such administrative decisions." Furthermore, that a "§ 1094.5 petition is a state law claim" cannot be said to be of substantial public importance. Accordingly, the Regents' request that the Memorandum Disposition be converted into an Opinion for publication must be denied.

Sincerely,

Kimberly C. Lau

cc: all counsel (via e-filing)